UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE MILSAP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. |
| | ) |
| PARTNERS IN HOUSING, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL**

Plaintiff, George Milsap, by counsel, for his Complaint for Damages and Demand for Trial by Jury, states as follows:

**I.  INTRODUCTION**

This is an action brought by Plaintiff against Partners in Housing ("Defendant"). Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec. 2000e *et seq.*, and 42 U.S.C. § 1981.

**II. PARTIES**

1. At all times relevant to this litigation, Plaintiff resided within the geographical boundaries of the Southern District of Indiana.

2. At all times relevant to this litigation, Defendant is a non-profit organization which conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

3. Jurisdiction is conferred on this Court by 42 U.S.C. Sec. 2000e-5, 28 U.S.C. Sec. 1331, and 28 U.S.C. Sec. 1343.

4. Plaintiff is an "employee" as that term is defined by 42 U.S.C. Sec. 2000e(f).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. Sec. 2000e(b).

6.      Plaintiff satisfied his obligation to exhaust his administrative remedies by having timely filed U.S. Equal Employment Opportunity Commission Charge Nos. 470-2013-03320. Plaintiff received his Dismissal and Notice of Rights and timely files this action.

7.      All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana, and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391.

### IV. FACTUAL ALLEGATIONS

8.      Plaintiff is an African-American male who was originally hired by Defendant on April 4, 2005, in the position of Community Life Coordinator.

9.      In 2009, Defendant hired Susan Calhoun to serve as Plaintiff's supervisor in place of Jim McCormick.

10.     Immediately upon taking the position, Ms. Calhoun began treating Plaintiff less-favorably than similarly-situated employees who were not African-American.

11.     Plaintiff voiced his concerns to Defendant's upper management regarding the unequal treatment he was receiving at the hands of Ms. Calhoun; however, Defendant failed to take any remedial measures to address Plaintiff's concerns.

12.     Defendant subsequently promoted a lesser-qualified individual who was not African-American to a position for which Plaintiff was readily qualified.

13.     Again, Plaintiff voiced his concerns to Defendant's upper management who, again, failed to take any remedial action.

14.     In fact, since that time, Defendant has continued to treat him less favorably than similarly-situated employees.

15. Plaintiff eventually resigned his position which resulted in a constructive discharge of Plaintiff's employment with Defendant.

## V.  LEGAL CLAIMS

### COUNT 1:  *Disparate Treatment under Title VII*

16. Plaintiff hereby incorporates the foregoing paragraphs one (1) through twelve (12) of his Complaint and, in addition, alleges and states that Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.*, as amended.

17. Defendant intentionally discriminated against Plaintiff by treating similarly-situated employees who were not African-American more favorably.

18. Defendant's actions were intentional, malicious, and done with reckless disregard to Plaintiff's federally protected rights to be free from discrimination on the basis of race.

19. Plaintiff has suffered, and will continue to suffer, harm as a result of Defendant's unlawful actions.

### COUNT 2:  *Unlawful Retaliation under Title VII*

20. Plaintiffs hereby incorporates paragraphs one (1) through eleven (11) of his Complaint and, in addition, alleges and states that Defendant retaliated against his for complaining about discriminatory treatment, which is also a violation of Title VII.

21. Plaintiff voiced opposition to Defendant's practices and conduct which she reasonably believed to be discriminatory on the basis of race and/or national origin.  Plaintiff engaged in conduct protected under Title VII.

22. As a result of voicing such opposition, Defendant willfully and intentionally, with malice and/or reckless disregard of Plaintiff's rights, retaliated against Plaintiff.

23. Plaintiff has suffered, and will continue to suffer, harm as a result of Defendant's unlawful actions.

## COUNT 2 – *Violation of 42 U.S.C. § 1981*

24. Plaintiff hereby incorporates paragraphs one (1) through fifteen (15) of his Complaint as if fully set forth herein.

25. Defendant violated Plaintiff's right to make and enforce contracts under 42 U.S.C. § 1981 by subjecting Plaintiff, because of his race, to different terms and conditions of employment than similarly-situated white employees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court find in his favor and order the following relief:

A. Issue a declaratory judgment that Defendant's acts, policies, and procedures violate Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981;

B. Permanently enjoin Defendant, its officers, agents, employees, and attorneys acting in concert with them from engaging in any employment policy or practice that violates Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981;

C. Award Plaintiff compensatory damages, consequential damages, emotional distress damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by Defendant's unlawful actions;

D. Award Plaintiff punitive damages;

E. Award Plaintiff her attorneys' fees, litigation expenses, and costs incurred as a

result of this action;

      F.      Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

      G.      Award any and all other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, George Milsap, by counsel, respectfully requests a jury trial for all issues deemed so triable.

                Respectfully submitted,

                RAMEY & HAILEY

                ***/s/ Joel S. Paul***
                Joel S. Paul, Atty. #422921
                Attorneys for Plaintiff
                P.O. Box 40849
                Indianapolis, IN 46240
                Tel:    (317) 582-0000
                Fax:   (317) 582-0080
                E-mail:  joel@rameyandhaileylaw.com